UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **STEPHEN EDWARD PATTERSON, III** | * | **CIVIL ACTION NO.: 18-1395** |
| | * | |
| | * | |
| **VERSUS** | * | **SECTION:** |
| | * | |
| | * | |
| **JENOSAN JEYASEELAN, HITACHI** | * | **JUDGE** |
| **CAPITAL CANADA CORPORATION,** | * | |
| **JBS EXPEDITE LTD, AIG INSURANCE** | * | |
| **COMPANY OF CANADA, AND** | * | **MAGISTRATE** |
| **ABC INSURANCE COMPANY** | * | |

_____

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff STEPHEN EDWARD PATTERSON, III who avers as follows:

### PARTIES

1.

Made Plaintiff herein is:

A. STEPHEN EDWARD PATTERSON, III, a person of full age of majority and resident of and domiciled in Lake Charles, Parish of Calcasieu, State of Louisiana.

2.

Made Defendants herein are:

A. JENOSAN JEYASEELAN, a person of full age of majority and resident of and domiciled in Calgary, Canada;

B. HITACHI CAPITAL CANADA CORPORATION, a foreign corporation authorized to do and doing business in the State of Louisiana and/or a foreign corporation which has minimum contacts with the State of Louisiana as it has purposefully availed itself of the

privilege of conducting activities within the State of Louisiana by putting its products into commerce in the State of Louisiana, thus invoking the benefits and protections of Louisiana's law and reasonably anticipating the possibility of being haled into court in Louisiana;

  C. JBS EXPEDITE LTD, a foreign company, authorized to do and doing business in the State of Louisiana and/or a foreign company which has minimum contacts with the State of Louisiana as it has purposefully availed itself of the privilege of conducting activities within the State of Louisiana by putting its products into commerce in the State of Louisiana, thus invoking the benefits and protections of Louisiana's law and reasonably anticipating the possibility of being haled into court in Louisiana;

  D. AIG INSURANCE COMPANY OF CANADA, a foreign insurance company, authorized to do and doing business in the State of Louisiana and/or a foreign insurance company which has minimum contacts with the State of Louisiana as it has purposefully availed itself of the privilege of conducting activities within the State of Louisiana by putting its products into commerce in the State of Louisiana, thus invoking the benefits and protections of Louisiana's law and reasonably anticipating the possibility of being haled into court in Louisiana; and

  E. ABC INSURANCE COMPANY (Fictitiously named), an unknown and unidentified insurance company, authorized to do and doing business in the State of Louisiana and/or an unknown and unidentified insurance company which has minimum contacts with the State of Louisiana as it has purposefully availed itself of the privilege of conducting activities within the State of Louisiana by putting its products into commerce in the State of Louisiana, thus invoking the benefits and protections of Louisiana's law and reasonably anticipating the possibility of being haled into court in Louisiana .

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because this is a dispute involving citizens of diverse status, and the amount in controversy exceeds $75,000.00.

4.

Venue is appropriate in the Western District of Louisiana under 28 U.S.C. § 1391 (b)(2), because it is the judicial district where a substantial part of the events or omissions giving rise to this claim occurred.

## GENERAL FACTUAL ALLEGATIONS

5.

Upon information and belief, that on or about October 28, 2017 around 12:05 a.m., Defendant Jenosan Jeyaseelan was the driver of Defendant Hitachi Capital Canada Corporation's and/or Defendant JBS Expedite Ltd's commercial 2015 Volvo VN, with an Ontario license plate 2400PP, V.I.N. 4V4NC9EJ5FN188629, and a trailer, a 2018 WNC C, with an Ontario license plate P5968K, traveling east on I-10 in the left lane in Jefferson Davis Parish.

6.

Upon information and belief, that on the same date and time set forth above, Plaintiff Stephen Edward Patterson, III was the driver and owner of a 2015 Ford Taurus Limi, with an Louisiana license plate ZEK112, V.I.N. 1FAHP2F82FG104521, traveling in the same direction as Defendant Jenosan Jeyaseelan but in the right lane in Jefferson Davis Parish when the vehicle and/or trailer owned by Defendant Hitachi Capital Canada Corporation and/or Defendant JBS Expedite Ltd and driven by Defendant Jenosan Jeyaseelan suddenly and without warning struck

the vehicle driven by Plaintiff Stephen Edward Patterson, III pushing Plaintiff's vehicle off of the interstate and on to the shoulder and the side of the overpass.

7.

Upon information and belief, that at all times material hereto, Defendant Jenosan Jeyaseelan was an employee of Defendant Hitachi Capital Canada Corporation and/or Defendant JBS Expedite Ltd acting within the course and scope of his employment, and consequently his conduct is attributable to Defendant Hitachi Capital Canada Corporation and/or Defendant JBS Expedite Ltd pursuant to the doctrine of *respondeat superior*, and Defendant Hitachi Capital Canada Corporation and/or Defendant JBS Expedite Ltd is/are legally responsible for Defendant Jenosan Jeyaseelan's actions.

8.

That the above described accident was caused solely by the negligence of Defendant Jenosan Jeyaseelan, including but not limited to, the following:

    A.    Failing to see and/or observe what he could or should have seen;

    B.    Failing to maintain proper control of his commercial vehicle;

    C.    Operating his commercial vehicle in a careless and/or reckless manner;

    D.    Failing to operate his commercial vehicle in a safe and/or prudent manner;

    E.    Failing to maintain a proper lookout;

    F.    Failing to maintain a proper distance;

    G.    Failing to stop his commercial vehicle to avoid a collision;

    H.    Causing a collision; and

    I.    Other acts and/or omissions constituting fault and/or negligence which will be shown more fully at trial.

9.

At all times material hereto, Defendant Hitachi Capital Canada Corporation, as owner of the above described commercial vehicle and trailer operated by Defendant Jenosan Jeyaseelan, and/or as employer of Defendant Jenosan Jeyaseelan, maintained a policy of automobile liability insurance with Defendant AIG Insurance Company of Canada, under which said policy covered the negligence of Defendant Jenosan Jeyaseelan, Defendant Hitachi Capital Canada Corporation, and/or Defendant JBS Expedite Ltd and specifically covers the damages complained of in this complaint, such that Plaintiff has a right of direct action against Defendant AIG Insurance Company of Canada as liability insurer of Defendant Hitachi Capital Canada Corporation and/or Defendant JBS Expedite Ltd pursuant to Louisiana Revised Statute 22:1269.

10.

At all times material hereto, Defendant JBS Expedite Ltd, as owner of the above described commercial vehicle and trailer operated by Defendant Jenosan Jeyaseelan, and/or as employer of Defendant Jenosan Jeyaseelan, maintained a policy of automobile liability insurance with Defendant AIG Insurance Company of Canada, under which said policy covered the negligence of Defendant Jenosan Jeyaseelan, Defendant Hitachi Capital Canada Corporation, and/or Defendant JBS Expedite Ltd and specifically covers the damages complained of in this complaint, such that Plaintiff has a right of direct action against Defendant AIG Insurance Company of Canada as liability insurer of Defendant Hitachi Capital Canada Corporation and/or Defendant JBS Expedite Ltd pursuant to Louisiana Revised Statute 22:1269.

11.

At all times material hereto, Defendant Hitachi Capital Canada Corporation, as owner of the above described commercial vehicle and trailer operated by Defendant Jenosan Jeyaseelan,

and/or as employer of Defendant Jenosan Jeyaseelan, maintained a policy of automobile liability insurance with Defendant ABC Insurance Company, its fictitiously named auto insurer, under which said policy covered the negligence of Defendant Jenosan Jeyaseelan, Defendant Hitachi Capital Canada Corporation, and/or Defendant JBS Expedite Ltd and specifically covers the damages complained of in this complaint, such that Plaintiff has a right of direct action against Defendant ABC Insurance Company as liability insurer of Defendant Hitachi Capital Canada Corporation and/or Defendant JBS Expedite Ltd pursuant to Louisiana Revised Statute 22:1269.

12.

At all times material hereto, Defendant JBS Expedite Ltd, as owner of the above described commercial vehicle and trailer operated by Defendant Jenosan Jeyaseelan, and/or as employer of Defendant Jenosan Jeyaseelan, maintained a policy of automobile liability insurance with Defendant ABC Insurance Company, its fictitiously named auto insurer, under which said policy covered the negligence of Defendant Jenosan Jeyaseelan, Defendant Hitachi Capital Canada Corporation, and/or Defendant JBS Expedite Ltd and specifically covers the damages complained of in this complaint, such that Plaintiff has a right of direct action against Defendant ABC Insurance Company as liability insurer of Defendant Hitachi Capital Canada Corporation and/or Defendant JBS Expedite Ltd pursuant to Louisiana Revised Statute 22:1269.

13.

As a direct and proximate cause of the negligence of Defendant Jenosan Jeyaseelan, Defendant Hitachi Capital Canada Corporation and/or Defendant JBS Expedite Ltd, Plaintiff suffered personal injury and/or property damages.

14.

That as a result of the above described accident, plaintiff Plaintiff Stephen Edward Patterson, III suffered multiple, and/or serious/severe injuries to his skeletal, musculatory and nervous system, requiring him to seek/incur extensive/expensive medical treatment and costs.

15.

That Plaintiff Stephen Edward Patterson, III is entitled to recover damages including but not limited to the following: vehicle property damages; towing costs or expenses; storage fees and charges; auto rental and loss of use of vehicle; loss of vehicle value and/or depreciation; and past, present and future: medical expenses; physical pain and suffering; mental anguish and emotional distress; loss of enjoyment of life; loss of earnings and wages and/or earning capacity; disability; and any other relief as the court may determine appropriate.

WHEREFORE, Plaintiff Stephen Edward Patterson, III prays that defendants be duly served and cited to appear and answer this Complaint, and that after due proceedings are had, that there be judgment rendered herein in favor of Plaintiff Stephen Edward Patterson, III and against the defendants, Jenosan Jeyaseelan, Hitachi Capital Canada Corporation, JBS Expedite Ltd, AIG Insurance Company of Canada and ABC Insurance Company, jointly and severally and *in solido*, in an amount as it may be reasonable on the premises and/or sufficient to adequately compensate Plaintiff for his damages together with legal interest thereon from date of judicial demand until paid, for all costs of this suit, and for all general and equitable relief deemed proper by this Honorable Court.

Respectfully submitted:

/s/ Vanessa Motta
Vanessa Motta, Esq. (La. Bar No. 36915)
Motta Law, LLC
855 Baronne Street

New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 581-1493

/s/ Joseph M. Bruno
Joseph M. Bruno, Trial Attorney (LA Bar No. 3604)
Donald D. Reichert, Jr. (LA Bar No. 33328)
Bruno & Bruno, LLP
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile: (504) 561-6775
Attorneys for Plaintiffs

**WITHHOLD SERVICE:**
ABC INSURANCE COMPANY